### STREET IMPROVEMENT WITH WOOD BLOCKS.

Circuit Court of Hamilton County.

STATE, EX REL ANNA G. DOLLE, A TAX-PAYER, ETC., V. CHARLES A. MILLER ET AL. *

Decided, December 28, 1907.

*Specifications for Street Improvement—Preparation of Wood Blocks— Bevier Patent not Infringed—Requirements as to the Quality of Oil Used—Practicability of Specifications—Bids and Bidding.*

1. The specifications as to wood blocks to be used in the street improvement involved in this case are not an infringement of the Bevier patent, but refer to a different process for the preservation of wood, which is not new.

2. The court finds that the pure coal tar creosote oil required by the specifications may be obtained in the market, notwithstanding testimony of experts to the contrary, and bidders were therefore not shut out of the competition by reason of being unable to obtain oil of that character and quality.

SMITH, J.; GIFFEN, J., and SWING, P. J., concur.

Plaintiff in her action seeks to enjoin the board of public service of the city of Cincinnati from entering into a contract with the Kirchner Construction Company for the improvement of McMillan street with wood blocks as set forth in the specifications under said contract.

The grounds upon which said injunction is sought are:

First. That the specifications so far as they relate to wood blocks are so devised and prepared as to exclude any and all real competition therefor, the preparation of the same being covered by letters patent issued to the United States Wood Preserving Company and owned and controlled by it.

Second. That the specifications provided that the oil used in the treatment of the wood blocks shall be pure coal tar creosote distilled from illuminating gas tar or coke oven tar and shall contain no oil derived from water gas tar, oil gas tar or other tar;

---

* Affirming State, ex rel Dolle, v. Miller et al, 5 O. L. R., 260.

and that the specific gravity thereof at 68 degrees Fahrenheit shall not be less than 1.10 and that when distilled in a retort with a thermometer suspended one inch above the oil up to 600 degrees Fahrenheit it shall not lose more than 35 per cent. in quanity and that the specific gravity of the residue shall not be less than 1.125; and that the said specifications further provide that the oil must be clear; that is, that there must be no substances in suspension, and that it must be absolutely soluble in benzoil so that it will readily penetrate the wood; that the requirements of the specifications in this regard can not be fully and accurately complied with; that oil such as is mentioned in the specifications can not be obtained and for this reason prevented persons and firms from bidding and thus shut out competition.

As to the first claim, we are of opinion that the specification relative to the wood blocks is not an infringement of the Bevier patent as claimed by plaintiff. The process contained in the Bevier patent as compared with that mentioned in the specifications is not the same. The vaporizing and the moistening of the wood, the impregnation with the creosote-resin mixture and the pressure to which the blocks are subject, together with the quantity of the creosote injected are entirely different; besides the preservation of wood in this manner is no new thing.

As to the second claim, to-wit, that a pure coal tar creosote oil such as is mentioned in the specifications can not be obtained, we are of opinion is not tenable. The weight of evidence upon this point is with the defendants. While the testimony of the experts tended to sustain plaintiff in this regard, yet the evidence of the defendants by practical distillers of this article satisfies the court that such an oil with the specific gravity and all the requirements contained in the specifications not only can be obtained but is now being distilled and on the market. This therefore would indicate that the specifications can be complied with in this regard. They do not admit of fraud being practiced or that persons were prevented from bidding owing to the impossibility of compliance with said specifications.

For these reasons the injunction prayed for will not be granted.

The motion of the plaintiff to strike the appearance and answer of the United States Wood Preserving Company from the files will be sustained.

*Walter C. Taylor,* for plaintiff.

*Cabell & Kohl* and *George H. Kattenhorn,* contra.